■ In the Matter of Ann Towpash, Petitioner, v Raymond W. Kelly, as Police Commissioner of the City of New York, et al., Respondents. [766 NYS2d 839]—

Determination of respondent Police Commissioner, dated January 26, 2002, finding petitioner guilty of wrongfully preventing and/or interfering with an official investigation by refusing to be interviewed by officers who were investigating a complaint against her, and in failing and neglecting to comply with an order to report to the 78th Precinct, and imposing a forfeiture of 20 vacation days, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [James Yates, J.], entered on or about August 15, 2002), dismissed, without costs.

Substantial evidence supports respondent's findings. We reject petitioner's arguments based upon her right against self-incrimination and to counsel (*see e.g. Gardner v Broderick,* 392 US 273 [1968]). The evidence establishes that petitioner refused to meet with a fellow officer who came to investigate a complaint against her and then refused a directive from a superior officer to report to the 78th Precinct to respond to the complaints of her neighbor, with whom she had been engaged in a longstanding dispute. There was nothing to prevent petitioner from complying with the superior officer's directive and, at the same time, asserting her rights against self-incrimination and to counsel. The record establishes that the order to report to the 78th Precinct was lawful and that petitioner had no authority to disregard it. We have considered and rejected petitioner's remaining arguments. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ.